Steven COLLAZO, Petitioner–
Appellant,

v.

George DUNCAN, Superintendent of
Great Meadow Correctional Fa-
cility, Respondent–Appellee.

No. 03–2970.

United States Court of Appeals,
Second Circuit.

March 21, 2005.

Randa D. Maher, Great Neck, NY, for
Appellant.

Ruth E. Ross, Assistant District Attor-
ney (Charles J. Hynes, District Attorney,
Kings County, NY; Leonard Joblove and
Jodi L. Mandel, Assistant District Attor-
neys, on the brief), Brooklyn, NY, for Ap-
pellee.

PRESENT: WALKER, Chief Judge,
MESKILL, and JACOBS, Circuit Judges.

SUMMARY ORDER

Petitioner-appellant Steven Collazo ap-
peals from a November 14, 2003, judgment
of the United States District Court for the
Eastern District of New York (Jack B.
Weinstein, *Judge*) denying Collazo's peti-
tion for a writ of habeas corpus. On ap-
peal, Collazo argues that he was deprived
of due process in the state court proceed-

ings that led to his conviction for sodomy in the first degree because the jury's verdict was not based on proof beyond a reasonable doubt. Specifically, Collazo contends that testimony from the alleged victim of the crime, a six-year-old boy, was inconsistent and improperly influenced by suggestions from his mother. Familiarity with the facts and procedural background is assumed. We affirm.

Where a claim has been adjudicated on the merits in state court, a federal court may only grant habeas corpus relief to a state prisoner if such adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In determining, on habeas review, whether a jury verdict was based on proof beyond a reasonable doubt, we ask if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis omitted). Moreover, " 'a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." ' *Wheel v. Robinson,* 34 F.3d 60, 66 (2d Cir.1994) (quoting *Jackson,* 443 U.S. at 326, 99 S.Ct. 2781) (alteration omitted).

The evidence at trial included testimony by the victim, a six-year-old boy, that Collazo had sodomized him while in the apartment of the victim's neighbor. The victim's nine-year-old cousin told officers investigating the incident, and later testified at trial, that she saw Collazo in bed with the victim, that Collazo kissed the victim on the mouth, and that Collazo zipped up his fly and buckled his pants upon getting out of bed. The victim's mother testified that when the victim returned from his neighbor's apartment he immediately ran into the bathroom and, upon inquiry as to what was wrong, told her that "his butt was hurting." The victim's mother testified further that when she awakened the victim later that night and asked him if Collazo had touched him, the victim responded: "yes, he kissed me and he put his penis in my butt." While a medical evaluation of the victim revealed no physical indications of sodomy, an expert witness for the prosecution testified that such indications were rare where the victim was a young child.

In light of this evidence and other evidence presented at trial, we find that Collazo was not deprived of due process of law. Allowing every reasonable inference in the prosecution's favor, a rational jury could have found that Collazo was guilty beyond a reasonable doubt.

We have carefully considered Collazo's remaining arguments and find them to be without merit. We further deny as meritless all pending motions, whether related to Collazo's arguments on appeal or to his effort to expand the certificate of appealability issued by the district court.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.